# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JASHON D. TATUM,<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br>**INDICTMENT**<br><br>18 U.S.C. § 922(o)(1)<br>18 U.S.C. § 924(a)(2)<br>18 U.S.C. § 922(g)(1)<br>18 U.S.C. § 924(a)(8)<br>21 U.S.C. § 841(a)(1)<br>21 U.S.C. § 841(b)(1)(B)(vi)<br>21 U.S.C. § 841(b)(1)(C)<br><br>**FORFEITURE ALLEGATIONS** |

**THE GRAND JURY CHARGES:**

## COUNT ONE
### (Possession of a Machinegun)

1.  On or about August 28, 2024, in the Southern District of Ohio, the defendant, **JASHON D. TATUM,** did knowingly possess a machinegun, that is, a Polymer 80, Inc., 940VS, 9mm pistol, bearing no serial number, with an attached conversion device, commonly referred to as a "switch" or a "button," which is a part or combination of parts designed and intended for use in converting a weapon into a machinegun.

**In violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2).**

## COUNT TWO
### (Felon in Possession of Ammunition)

2. On or about August 28, 2024, in the Southern District of Ohio, the defendant, **JASHON D. TATUM**, knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess ammunition, to wit: 20 rounds of 5.7x28 23 FNB ammunition, said ammunition having been shipped and transported in interstate or foreign commerce.

**In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).**

## COUNT THREE
### (Possession with Intent to Distribute Controlled Substances)

3. On or about August 28, 2024, in the Southern District of Ohio, the defendant, **JASHON D. TATUM,** did knowingly and intentionally possess with intent to distribute:

   a. 40 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, commonly referred to as fentanyl, a Schedule II controlled substance;

   b. 10 grams or more of a mixture or substance containing a detectable amount of para-flourofentanyl, an analogue of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, commonly referred to as fentanyl, a Schedule II controlled substance;

   c. a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance; and

   d. a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

**In violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vi), and 841(b)(1)(C).**

## FORFEITURE ALLEGATION A

4. The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

5. Upon conviction of any offense alleged in this Indictment, the defendant, **JASHON D. TATUM**, shall forfeit to the United States, in accordance with 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in such offense, including, but not limited to:

- One Polymer 80, Inc., 940VS, 9mm pistol, bearing no serial number, with an attached conversion device; and
- 20 rounds of 5.7x28 23 FNB ammunition.

**Forfeiture pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.**

## FORFEITURE ALLEGATION B

6. The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to 21 U.S.C. § 853(a)(1) and (2).

7. Upon conviction of any offense in violation of 21 U.S.C. § 841 as alleged in this Indictment, the defendant, **JASHON D. TATUM,** shall forfeit to the United States, in accordance with 21 U.S.C. § 853(a)(1) and (2), all right, title and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including, but not limited to, approximately $6,470.00 in United States currency seized on or about August 28, 2024.

3

Forfeiture pursuant to 21 U.S.C. § 853(a)(1) and (2) and Rule 32.2 of the Federal Rules of Criminal Procedure.

A TRUE BILL.

*s/Foreperson*
**GRAND JURY FOREPERSON**

KELLY A. NORRIS
ACTING UNITED STATES ATTORNEY

ELIZABETH GERAGHTY (0072275)
Assistant United States Attorney